JONATHAN E. NUECHTERLEIN
   *General Counsel*
LESLIE RICE MELMAN
   *Assistant General Counsel for Litigation*
BURKE KAPPLER
   *Attorney*
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W., Mail Drop H-585
Washington, DC 20580
Telephone:  (202) 326-2043 (Kappler)
Facsimile:  (202) 326-2477
E-mail:  bkappler@ftc.gov
   *Attorneys for the Federal Trade Commission*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Petitioner, <br><br> v. <br><br> APOLLO EDUCATION GROUP, INC., <br><br> and <br><br> THE UNIVERSITY OF PHOENIX, INC., <br><br> Respondents. | Case No. <br><br> **UNOPPOSED PETITION FOR AN ORDER GOVERNING COMPLIANCE WITH CIVIL INVESTIGATIVE DEMANDS ISSUED IN FURTHERANCE OF A LAW ENFORCEMENT INVESTIGATION** |

The Federal Trade Commission petitions this Court under Section 20 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 57b-1, and Section 1232g of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §§ 1232g(b)(1)(J)(ii) and 1232b(b)(2)(B), for an order requiring Respondents Apollo Education Group, Inc., and the University of Phoenix, Inc. (collectively, the Companies) to produce education records sought by civil investigative demands (CIDs) issued by the FTC without disclosing the contents of CIDs, or any information provided in response thereto, as permitted by FERPA. The Companies do not oppose the Petition, and no previous application for the relief sought herein has been made to this Court or any other.

The Declaration under penalty of perjury of Thomas J. Widor, which verifies the statements in this Petition, is attached as Exhibit 1. The Commission's Resolution Directing Use of Compulsory Process in a Nonpublic Investigation of Secondary or Postsecondary Education Products and Services or Educational Accreditation Products and Services, November 14, 2013 (FTC File No. P138402) is attached as Exhibit 2.

*Petition Statements*

In support of this Unopposed Petition, the Commission states as follows:

1. The Commission is an administrative agency of the United States, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq*. The Commission is authorized and directed by Section 5 of the FTC Act, 15 U.S.C. § 45(a), to prevent the use of unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.

2. Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry necessary to its duties in any part of the United States. Section 6 of the Act, 15 U.S.C. § 46, empowers the Commission to gather and compile information concerning, and to investigate from time to time, the organization, business, conduct, practices and management of,

any person, partnership or corporation engaged in or whose business affects commerce, with certain exceptions not relevant here. Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to require by CID the production of documents or other information relating to any Commission law enforcement investigation.

3. This Court has jurisdiction to enforce the Commission's duly issued CIDs under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), which provides, in pertinent part:

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever satisfactory copying or reproduction of material requested pursuant to the demand cannot be accomplished and such person refuses to surrender such material, the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

Respondents reside, are found, and transact business in this district. Pet. Exh 1, ¶¶ 3-4.

4. Apollo Education Group, LLC ("Apollo") is a private education provider incorporated in Arizona and headquartered in Phoenix, Arizona. The University of Phoenix, Inc. ("University") is a for-profit university that is wholly-owned by Apollo. The University is also incorporated in Arizona and headquartered in Phoenix, Arizona. The University offers undergraduate and graduate degrees in nine schools, and operates through a series of campuses and centers nationwide. The University currently has approximately 200,000 students and 900,000 alumni. Pet. Exh. 1, ¶¶ 3-4.

5. On November 14, 2013, the Commission issued a Resolution Directing Use of Compulsory Process in a Nonpublic Investigation of Secondary or Postsecondary Educational Products or Services or Educational Accreditation Products or Services (P138402). Pet. Exh 1, ¶ 5; Pet. Exh. 2. The Resolution authorized all compulsory process available to the Commission

to be used in connection with an investigation into possible violations of Section 5 of the FTC Act. Pet. Exh. 1, ¶ 5; Pet. Exh. 2.

6. Following this resolution, on July 23, 2015, the Commission issued the CIDs to the Companies to investigate possible violations of Section 5 in connection with their advertising, marketing, and sale of their educational products or services. Pet. Exh. 1, ¶ 6. The CIDs require the Companies to produce material relevant to the Commission's investigation, including information and documents relating to complaints, marketing and recruiting, student advisement, call recordings, and billing and debt collection. Pet. Exh. 1, ¶ 6. (The return dates of the CIDs were modified by letter dated January 11, 2016. *Id.*)

7. Many of the materials requested by the CIDs are "records, files, documents, and other materials" maintained by the Companies that "contain information directly related to a student," which are known as "education records" under the Family Educational Rights and Privacy Act (FERPA). 20 U.S.C. § 1232g(a)(4)(A); 34 CFR § 99.31. Educational institutions such as the University of Phoenix risk the loss of federal funding if they violate FERPA by disclosing education records without written consent from the affected parents and students. 20 U.S.C. § 1232g(b)(1). However, in some circumstances FERPA does not require such consent. Most pertinent here, FERPA allows an educational institution to disclose education records without obtaining consent in response to a "subpoena issued for a law enforcement purpose." 20 U.S.C. § 1232g(b)(1)(J)(ii); *see also* 34 C.F.R. § 99.31(a)(9). The CIDs at issue are "subpoena[s] issued for a law enforcement purpose" within the meaning of FERPA.

8. FERPA generally requires educational institutions to notify affected students and their parents before making such a disclosure. 20 U.S.C. 1232g(b)(2)(B); 34 C.F.R. §

99.31(a)(9)(ii).  For good cause, however, a court or the issuing agency may relieve an educational institution of the obligation to provide such notice by entering an order directing the institution to not "disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena."  20 U.S.C. §§ 1232g(b)(1)(J(ii), 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(ii)(B).

9. To date, the Companies have made several productions of documents called for in the CIDs, but have not provided education records called for in the CIDs.  They assert that providing the notice required by FERPA would be impractical and complex given the nature of the responsive material, the number of current and former students, and the difficulty in locating students or their families.  Pet. Exh. 1, ¶¶ 7-8.  The FTC acknowledges that this notice process would be costly, time-consuming, resource-intensive, and that it potentially will require multiple attempts to contact affected students.  Pet. Exh. 1, ¶ 8.

10. In addition, the contents of the CID have not been made public by either the FTC or the Companies.  Pet. Exh. 1, ¶ 7.

11. The CIDs directed to the Companies are within the Commission's statutory authority, and the information and documents sought are reasonably relevant to the Commission's investigation.  However, due to the unique circumstances imposed by FERPA and its disclosure requirements, and the number of current and former students at issue, requiring Companies to provide notice before producing these educational records would result in significant delays that will impede the Commission's investigation and prevent completing it in a timely manner.  Pet. Exh. 1, ¶¶ 8-9.  Moreover, no harm will result from the absence of notice in this instance because the governing FTC statutes protect the information from any public disclosure.  See 15 U.S.C. §§ 46(f), 57b-2.  For these reasons, there is good cause for

entry of an order requiring the Companies to produce responsive education records without disclosing the contents of the CIDs, or information provided in response, in accordance with Sections 1232g(b)(1)(i) and 1232g(b)(2)(B).  Pet. Exh. 1, ¶ 9.  The Companies do not oppose this request.

### *Prayer for Relief*

WHEREFORE, the Commission invokes the aid of this Court and prays:

a. for an order requiring the Companies to produce responsive education records to the FTC without disclosing the contents of the CIDs or any information furnished in response;

b. For such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  January 12, 2016

JONATHAN E. NUECHTERLEIN
*General Counsel*

LESLIE RICE MELMAN
*Assistant General Counsel for Litigation*

 /s/  Burke Kappler
BURKE KAPPLER
*Attorney, Office of General Counsel*
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone:  (202) 326-2043
Fax:  (202) 326-2477
E-mail: bkappler@ftc.gov

Attorneys for the Federal Trade Commission